UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL VILLEGAS,<br><br>  Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No. 18-cv-00813-PJH<br><br>**ORDER**<br>Re: Dkt. No. 7 |

Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss came on for hearing before this court on April 25, 2018. Plaintiff Ezequiel Villegas appeared through Samuel Pooler, who appeared on behalf of his counsel, Laleh Ensafi. Defendant appeared through its counsel, Le Duong. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

The case concerns Wells Fargo's foreclosure on Villegas's home mortgage. Plaintiff filed this case on December 28, 2017 in the Superior Court of California, County of Mendocino. Dkt. 1. Defendant removed the case to this court based on both diversity and federal question jurisdiction. Id.

On January 19, 2006, Villegas took out a mortgage in the amount of $280,000 on his home, located at 224 Margie Drive, Willits, CA 95490 (the "Property"), with Resmae Mortgage Corporation. Dkt. 19–1 ("Compl.") at 2, 6; Dkt. 7 ("Mot.") at 1. The mortgage is

made up of a loan (the "Note", Ex. B[1]) and a deed of trust ("DOT", Ex. A). Mot. at 1. Villegas alleges that the mortgage was then sold or assigned to an unknown securitized trust that it will identify through discovery. Compl. at 6.

In 2008 Villegas failed to make mortgage payments, and he defaulted in 2009. Id. at 7. The loan servicer, America's Servicing Company, recorded a notice of default on January 14, 2009. Id. Villegas alleges a number of entities owned or acted as trustee of the mortgage from 2009–2012. Id. at 8–9. Sometime in 2012, Wells Fargo had acquired the servicing of the mortgage while the debt was in default. Id. at 8.

Villegas alleges that he entered into a modified loan agreement on July 23, 2013 with Wilmington Trust National Association ("Wilmington"), and that Wells Fargo acted as attorney-in-fact in that transaction, during which time Wells Fargo misrepresented the character and legal status of the debt obligation. Id. at 9, Ex. F. Plaintiff also alleges that he entered into a modified loan agreement with the alleged owner of the debt obligation in August 2013 to avoid foreclosure. Id. at 7. Villegas alleges that Wells Fargo had no authority to collect on the debt, service the debt, or proceed with a non-judicial foreclosure to enforce the security interest. Id.

On May 8, 2017, Wells Fargo executed and recorded a Substitution of Trustee, which purported to make Quality Loan Service Corporation the new trustee. Id. at 9–10, Ex. G. Then, on May 8, 2017, Wells Fargo recorded a notice of default on plaintiff's Property, stating that Wilmington was acting as trustee of a trust that was the beneficiary of the debt. Id. at 10, Ex. H. Plaintiff argues that Wells Fargo and the supposed debt beneficiary are in fact "debt collectors" instead of beneficiaries, so they cannot enforce a security interest or attempt to collect any payments from Villegas. Id. at 11.

Plaintiff sent Wells Fargo a letter asking about the ownership of the debt obligation, and Wells Fargo replied on July 26, 2017, stating that a trust owns the debt, with Wilmington acting as trustee. Id. at 7, Ex. C. Plaintiff alleges that letter falsely

---

[1] All exhibits referenced are exhibits to the complaint filed at Dkt. 19–1.

1 represented the character and legal status of the alleged debt. Id. at 7.  On August 25,
2 2017, a notice of trustee's sale was executed and recorded against the Property.  Id. at
3 10, Ex. I.  At the hearing, plaintiff's counsel did not know whether the home had been
4 sold, but defendant's counsel represented that the house has not been sold and that
5 plaintiff continues to live in the house.

Plaintiff seeks compensatory, special, and general damages of no less than $750,000; punitive damages; injunctive relief compelling Wells Fargo to remove any instrument that could be construed as a cloud upon plaintiff's title to the Property; declaratory judgment that defendant does not have any rights as to plaintiff, the Property, or plaintiff's debt; a restraining order to prevent Wells Fargo from undertaking any action against the Property; costs of the suit; attorneys' fees; and any other relief the court deems proper.

Defendant now moves to dismiss the case.

## DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191, 1199–1200 (9th Cir. 2003).  Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). The court may consider matters that are properly the subject of judicial notice (Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of L.A., 250 F.3d 668, 688–89 (9th Cir. 2001)), exhibits attached to the complaint (see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)), documents referenced extensively in the complaint, and documents that form the basis of a the plaintiff's claims (see No. 84 Emp'r-Teamster Jt. Counsel Pension Tr. Fund v. Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003)).

**B. Analysis**

Wells Fargo moves to dismiss each of Villegas's five claims: (1) violation of 15 U.S.C. § 1692f(6), the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of California Homeowner's Bill of Rights ("HBOR"), California Civil Code §§ 2924(a)(6) & 2924.17; (3) violation of HBOR § 2934a(a)(1)(A)(C); (4) negligent representation; and (5) violation of Cal. Bus. Prof. Code § 17200 ("UCL").

**1.    15 U.S.C. § 1692f(6)—FDCPA**

15 U.S.C. § 1692f(6) provides:

> A debt collector may not use unfair or unconscionable means

4

to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

[. . . .]

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> > (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> >
> > (B) there is no present intention to take possession of the property; or
> >
> > (C) the property is exempt by law from such dispossession or disablement.

On its face, 15 U.S.C. § 1692f(6) limits the actions only of "debt collectors." The court must first determine whether plaintiff adequately alleged that defendant is a "debt collector" under the statute. The FDCPA defines "debt collector," in relevant part:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
> > (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
> >
> > (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
> >
> > [. . . .]
> >
> > (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due

> another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6).

Within that statute, there are three potentially relevant definitions of "debt collector" and a partial safe harbor provision: "(1) 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts,' and (2) any person 'who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting § 1692a(6)). (3) The statute has a specific, expanded definition of debt collector for the provision at issue in plaintiff's first claim: "For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." § 1692a(6). (4) The safe harbor makes clear that mortgage lenders are not debt collectors within the meaning of the FDCPA if they either originated the loan or began servicing the loan before it went into default. 15 U.S.C. § 1692a(6)(F)(ii)–(iii); Schlegel, 720 F.3d at 1209 (Wells Fargo was not a debt collector where it was assigned a loan and deed of trust because "collection efforts in this case relate only to debts owed to itself").

    **a. Any Person Who Uses Any Instrumentality Of Interstate Commerce Or The Mails In Any Business The Principal Purpose Of Which Is The Collection Of Any Debts**

Plaintiff does not appear to allege or argue that Wells Fargo is a debt collector because it "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6).

Assuming plaintiff does make this argument, its pleading is insufficient for two

1 reasons. First, as a matter of law, the Ninth Circuit has held that foreclosing on a deed of
2 trust is not "debt collection" under this definition. Ho v. ReconTrust Co., NA, 858 F.3d
3 568, 572 (9th Cir. 2017) ("The most plausible reading of the statute is that the foreclosure
4 notices were 'the enforcement of [a] security interest[ ]' as contemplated by section
5 1692f(6) rather than 'debt collection' as contemplated by section 1692a."). Second, as a
6 matter of fact, the Ninth Circuit has made clear that the complaint must allege a factual
7 basis alleging that the principal purpose of the defendant's business is to collect debts.
8 Schlegel, 720 F.3d at 1209 (affirming dismissal of FDCPA claim: "The complaint fails to
9 provide any factual basis from which we could plausibly infer that the principal purpose of
10 Wells Fargo's business is debt collection. Rather, the complaint's factual matter, viewed
11 in the light most favorable to the [plaintiff], establishes only that debt collection is some
12 part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA.")
13 (emphasis added). Here, plaintiff makes only conclusory allegations that Wells Fargo "is
14 in the primary business of servicing residential mortgage loans, collecting debt on behalf
15 of other entities and enforcing security interests." Compl. at 2:28–3:1. That conclusory
16 allegation is not sufficient.

### b. Any Person Who Regularly Collects Or Attempts To Collect, Directly Or Indirectly, Debts Owed Or Due Or Asserted To Be Owed Or Due Another

Plaintiff argues that Wells Fargo is a debt collector because it "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Compl. at 2–3; Dkt. 11 at 8–9. But the Ninth Circuit has held that foreclosing on a trust deed is not "debt collection" under this definition. Ho, 858 F.3d at 572.

### c. Any Person Who Uses Any Instrumentality Of Interstate Commerce Or The Mails In Any Business The Principal Purpose Of Which Is The Enforcement Of Security Interests

Section 1692a(6) contains a specific definition of debt collector "[f]or the purpose of section 1692f(6)[.]" 15 U.S.C. § 1692a(6). Plaintiff argues that Wells Fargo is a debt

7

collector under that provision, which requires plaintiff to allege the defendant has a "business[,] the principal purpose of which is the enforcement of security interests." § 1692a(6); Compl. at 2:28–3:1; Dkt. 11 at 8–9. Under this definition, "enforcement of a security interest" includes foreclosing on secured notes. Dowers v. Nationstar Mortg., LLC, 852 F.3d 964, 967, 971 (9th Cir. 2017).

Where a definition of a debt collector under the FDCPA turns on the "principal purpose" of the company, the Ninth Circuit requires a "factual basis from which we could plausibly infer that the principal purpose of" the business is the enforcement of security interests. Schlegel, 720 F.3d at 1209. If the complaint "establishes only that [enforcement of security interests] is some part of Wells Fargo's business," then it "is insufficient to state a claim under the FDCPA." Schlegel, 720 F.3d at 1209 (plaintiff's complaint failed to adequately allege Wells Fargo's "principal purpose" was "the collection of any debts" under § 1692a(6)). Here, plaintiff makes only conclusory allegations that Wells Fargo "is in the primary business of servicing residential mortgage loans, collecting debt on behalf of other entities and enforcing security interests." Compl. at 2–3. Plaintiff's complaint does not sufficiently allege that Wells Fargo is a debt collector under this definition because there is no factual indicia that its principal purpose is enforcing security interests.

### d. The Safe Harbor Provision

Section 1692a(6)(F)(iii) provides a qualified safe harbor from the definition of "debt collector" by excluding those who acquire debt before default. Plaintiff argues that the FDCPA requires an entity to be either a "creditor" or a "debtor" as to a specific debt and that every entity must be one or the other—it cannot be "both" or "neither." Dkt. 11 at 5–6. Plaintiff argues without citation that the "statutory language and legislative history of the FDCPA" establish that premise. Id. at 6. Plaintiff further argues that the safe harbor provision § 1692a(6)(F)(iii) defines the distinction between creditor and debtor: "It is an undisputed fact that the FDCPA's definition of a 'debt collector' pursuant to § *1692*a(6)(F)(iii) includes **any non-originating debt holder** that either acquired a debt

8

in default or has treated the debt as if it were in default at the time of acquisition." Dkt. 11 at 6. Defendant argues that it falls within the safe-harbor exception to the definition of "debt collector" because it acquired the loan through a division of Wells Fargo named America's Servicing Company prior to plaintiff's default. Dkt. 7 at 1–2, 5.

Section 1692a(6)(F)(iii) provides a qualified safe harbor to the definition of "debt collector" under § 1692a(6). But failing to qualify under a safe harbor does not make a company a "debt collector" under the statute, as plaintiff argues. Indeed, plaintiff's argument that "It is an undisputed fact that the FDCPA's definition of a 'debt collector' pursuant to § *1692*a(6)(F)(iii) includes **any non-originating debt holder** that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition" (Dkt. 11 at 6) has been directly contradicted by the Supreme Court. Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1724 (2017) ("For while the statute surely excludes from the debt collector definition certain persons who acquire a debt before default, it doesn't necessarily follow that the definition must include anyone who regularly collects debts acquired after default.") (abrogating FTC v. Check Investors, Inc., 502 F.3d 159, 173–74 (3d Cir. 2007)). So, even if Wells Fargo does not fall within one of the safe harbors because it acquired the debt after default, plaintiff still must allege it is a debt collector under one of the statute's affirmative definitions of the term.

Wells Fargo argues that it is protected by the safe harbor because "America's Servicing Company was servicing [plaintiff's] Loan prior to 2009 when it first went into default" and "America's Servicing Company is a division of Wells Fargo." Dkt. 7 at 5. So, Wells Fargo argues it had acquired the loan before default and cannot be a debt collector pursuant to § 1692a(6)(F)(iii). Even if factually true, plaintiff has alleged sufficient facts to plead that Wells Fargo is not protected by the qualified safe harbor provided by § 1692a(6)(F)(iii). The statute defines "debt collector"—"notwithstanding" the safe harbor provisions in (6)(F)—to include "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." § 1692a(6). Courts apply the "least

9

sophisticated consumer" test to determine whether a company is protected under the safe harbor. Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 236 (2d Cir. 1998) ("a creditor's in-house collection division, such as Citicorp's Debtor Assistance, is not considered a debt collector 'so long as [it uses] the creditor's true business name when collecting'") (quoting legislative history). Here, plaintiff plausibly alleges that either a different business operating under a different name called "America's Servicing Company" was servicing his loan or that Wells Fargo was using a name other than its own that indicated a third person was attempting to collect the debt.

Because plaintiff failed to allege that Wells Fargo is a debt collector under the FDCPA, he has failed to plead a claim under that statute, and the claim is DISMISSED. The court finds that it is possible that amendment may not be futile, so plaintiff is GRANTED LEAVE TO AMEND his complaint to state a claim in accordance with the requirements explained in this order.

### 2. California Civil Code §§ 2924(a)(6) & 2924.17—HBOR

#### a. § 2924(a)(6)

Cal. Civ. Code § 2924(a)(6) prohibits an entity from recording a default or initiating "the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest."

The basis for plaintiff's claim appears to be premised on the fact that the debt was transferred only after plaintiff defaulted on his mortgage. Dkt. 11 at 9; Compl. at 14. Plaintiff alleges that transferring debt after default does not transfer the loan itself, but only creates a "debt collector" as defined by the FDCPA. So, a party who obtains debt that is in default cannot be the "holder of the beneficial interest" of the debt under California law because they are a debt collector, not a creditor, under the FDCPA. Based on the FDCPA provision, plaintiff argues, a debt collector cannot fulfill the requirements of the California statute allowing only beneficiaries to take some actions. Compl. at 14.

Plaintiff's claim under § 2924(a)(6) fails for two reasons. First, as addressed

10

1    above, plaintiff has failed to allege that Wells Fargo is a debt collector under the FDCPA.

2    So, even based on his own view of the claim's legal requirements, his claim fails.

3    Second, the FDCPA's definition of debt collector is irrelevant to § 2924(a)(6). That

4    statute does not import the terms "creditor" or "debt collector" from the FDCPA.

5    Section 2924(a)(6) has its own requirements unrelated to the FDCPA: plaintiff must

6    allege Wells Fargo is not the agent of the holder of the beneficial interest under California

7    law—not under the FDCPA. Although unclear, plaintiff seems to attempt to plead his

8    § 2924(a)(6) claim as a derivative of his FDCPA claim.

      Plaintiff has failed to plead a claim under § 2924(a)(6), so the claim brought under that statute is DISMISSED. The court finds that it is possible that amendment may not be futile, so plaintiff is GRANTED LEAVE TO AMEND his complaint to state a claim.[2]

### b.    § 2924.17

Plaintiff's second cause of action also alleges a violation of § 2924.17, which has different substantive requirements from § 2924(a)(6). § 2924.17 provides that before recording or filing a notice of default, a notice of sale, or other specified documents, "a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Cal. Civ. Code § 2924.17(b). The statute also provides that various notices must be "accurate and complete and supported by competent and reliable evidence." § 2924.17(a).

Plaintiff alleges that defendant did not provide competent support for its authorization to proceed with a non-judicial action against the Property, including by failing to provide an accurate chain of title. Compl. at 14.

---

[2] Defendant argues that plaintiff must credibly allege that he can tender the amount owed for the Property to state certain claims. Because dismissal is granted with leave to amend some of those claims, the court advises the parties that it will not impose a tender requirement. First, plaintiff's action attacks the validity of the underlying debt, so tender is not required. See Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997). Second, tender is not required because it would be inequitable to apply the tender rule in this circumstance. Sacchi v. Mortgage Elec. Registration Sys., Inc., No. CV 11–1658 AHM (CWx), 2011 WL 2533029, at *10 (C.D. Cal. June 24, 2011).

11

1 Defendant's standing argument misses the core of plaintiff's claim. Plaintiff's claim
2 concerns defendant's duty to review and provide accurate documents when performing
3 various foreclosure-related actions. Plaintiff argues the documents defendant relied upon
4 were flawed or non-operative, and defendant violated its duty by relying on them and
5 representing them as accurate. The pleading is sufficient under Rule 8, which tests the
6 plausibility of the pleading rather than whether the materials defendant reviewed and
7 provided were in fact accurate or effective.

Defendant's motion to dismiss with respect to § 2924.17 is DENIED.

### 3. California Civil Code § 2934a(a)(1)(A)(C)—HBOR

First, plaintiff brings a claim under § 2934a(a)(1)(A)(C), which does not exist. Cal. Civ. Code § 2934a has subparts (a)(1)(A)–(B) and (a)(2)(A)–(D), but not (a)(1)(A)(C). The court reads plaintiff's complaint to allege a violation of § 2934a(a)(1), which provides two alternative methods to substitute a trustee, one of which is the provision plaintiff relies on in substance. It provides that a trustee "may be substituted" by recording a substitution executed and acknowledged by "the holders of more than 50 percent of the record beneficial interest of a series of notes secured by the same real property . . ." Cal. Civ. Code § 2934a(a)(1)(B).

The basis for plaintiff's claim appears to be premised on the fact that the debt was transferred only after plaintiff defaulted on his mortgage. Dkt. 11 at 10; Compl. at 15. He alleges that transferring debt after default does not transfer the loan itself, but only creates a "debt collector" as defined by the FDCPA. The argument seems to be similar to plaintiff's argument with respect to § 2924(a)(6), addressed above.

Like plaintiff's § 2924(a)(6) claim, plaintiff's claim under § 2934a(a)(1) fails for two reasons. First, as addressed above, plaintiff has failed to allege that Wells Fargo is a debt collector under the FDCPA. So, even based on his own view of the claim's legal requirements, his claim fails. Second, the FDCPA's definition of debt collector is irrelevant to § 2934a(a)(1). That statute does not import the terms "creditor" or "debt collector" from the FDCPA. § 2934a(a)(1) has its own requirements unrelated to the

1  FDCPA: plaintiff must allege the holders of the beneficial interest failed to take some
2  action. Although unclear, plaintiff seems to attempt to plead his § 2934a(a)(1) claim as a
3  derivative of his FDCPA claim.

4  Plaintiff has failed to plead a claim under that statute, and the claim is
5  DISMISSED. The court finds that it is possible that amendment may not be futile, so
6  plaintiff is GRANTED LEAVE TO AMEND his complaint to state a claim.

### 4. Negligent Misrepresentation

"The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007); accord Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255 (2009).

The first element requires plaintiff to plead that defendant misrepresented a material fact. Plaintiff adequately alleges that Wells Fargo represented Wilmington Trust National Association owned the debt in a July 26, 2017 letter and a May 8, 2017 notice of default, which plaintiff argues was false. Compl. at 7, 10.

The second element requires plaintiff to plead the statement was made without reasonable ground for believing it to be true. Plaintiff alleges various paperwork was incorrectly completed, and Wells Fargo as an institutional player should have known that was the case.

The third element requires plaintiff to plead intent to defraud or induce reliance. The court assumes without deciding that defendant's intent can be presumed from the alleged acts.

The claim also requires plaintiff to plead that he justifiably relied on the misrepresentation, and that his justifiable reliance resulted in damage. Plaintiff does not plead any action he took in reliance on any adequately-pled misrepresentation. Plaintiff alleges that Wells Fargo charged various fees related to the foreclosure, but not that

13

plaintiff paid any of them. Compl. at 17–18. Plaintiff does not even allege that he paid Wells Fargo regular mortgage payments, presumably instead of the true debt owner. See Compl. at 7. Even if he had been making regular mortgage payments to Wells Fargo, plaintiff must have expected to be making his mortgage payments to some party. He does not allege that there is a true owner of the debt who he is also making payments to or who is seeking payments from him. Nor does he allege that a different true owner of the debt is seeking to foreclose on the Property. Rather, Wells Fargo is seeking to foreclose on the Property, and not because plaintiff relied on misrepresentations (in fact, if plaintiff had continued paying Wells Fargo, there would likely be no foreclosure). If plaintiff's claims are all accepted as true, Wells Fargo does not have a legal right to collect the fees, and plaintiff never paid them. Even then, plaintiff did not suffer damage by relying on Wells Fargo's statements.

Plaintiff must allege a misrepresentation that he acted in reliance on, and that such reliance caused damage. He has failed to do so, and based on plaintiff's papers and his counsel's representations at the hearing he is unable to do so. The court finds that any attempt to amend this claim would be futile because plaintiff cannot demonstrate damages resulting from actions he took in reliance on the alleged negligent misrepresentations, so the court DISMISSES THE CLAIM WITHOUT LEAVE TO AMEND.

### 5. Cal. Bus. Prof. Code § 17200—UCL

Defendant argues plaintiff's UCL claim fails because (1) plaintiff fails to allege that Wells Fargo engaged in any unlawful, unfair, or fraudulent activity; and (2) plaintiff does not have standing to bring this claim against Wells Fargo.

#### a. Underlying Unfair, Unlawful, or Fraudulent Activity

The court DISMISSES plaintiff's UCL claim WITH LEAVE TO AMEND to specify which prong the claim relies upon, and the facts underlying the claim: namely, Wells Fargo's allegedly unlawful, unfair, or fraudulent activity.

#### b. Standing

14

For a plaintiff to have standing, the UCL requires both (1) injury in fact and (2) a loss of money or property. See Bus. & Prof. Code § 17204; Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1590 (2008). "Injury in fact" can be "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Peterson, 164 Cal. App. 4th at 1590 (internal quotation marks omitted).

Plaintiff has not alleged that he has actually lost money or property. He has not alleged that he has made mortgage payments or paid fees to Wells Fargo as a result of Wells Fargo's unlawful, unfair, or fraudulent conduct—he has only alleged that he is in default and that he has entered payment plans; he has not alleged any actual payments. Nor has plaintiff adequately alleged that there is a pending sale of the Property such that he will lose property. Plaintiff alleges that a Notice of Trustee Sale was executed against the property on August 25, 2017—nearly nine months ago—but the complaint alleges nothing more and at the hearing his representative professed not to know details of the sale. Defense counsel stated without contradiction that no sale is pending.

As such, plaintiff must also plead facts sufficient to state he has standing to bring his UCL claim.

**CONCLUSION**

For the foregoing reasons, plaintiff's first cause of action under 15 U.S.C. § 1692f(6) of the FDCPA is DISMISSED WITH LEAVE TO AMEND to plead facts sufficient to allege that defendant is a debt collector under the statute; plaintiff's second cause of action under Cal. Civ. Code § 2924(a)(6) is DISMISSED WITH LEAVE TO AMEND to plead facts sufficient to allege that defendant is not the holder of the beneficial interest, a trustee, or a designated agent under California law; defendant's motion to dismiss plaintiff's second cause of action under Cal. Civ. Code § 2924.17 is DENIED; plaintiff's third cause of action under Cal. Civ. Code § 2934a(a)(1) is DISMISSED WITH LEAVE TO AMEND to plead the particular statute at issue and facts sufficient to allege its violation; plaintiff's fourth cause of action for negligent misrepresentation is DISMISSED

WITHOUT LEAVE TO AMEND; and plaintiff's fifth cause of action under the UCL is DISMISSED WITH LEAVE TO AMEND to plead the particular UCL prong the claim is brought under, facts sufficient to allege a violation of that prong, and facts sufficient to allege standing.

**IT IS SO ORDERED.**

Dated: 5/25/2018

_____
PHYLLIS J. HAMILTON
United States District Judge